BANK OF PORTO RICO, PLAINTIFF, *v.* SOLÁ & SON ET AL., DEFENDANTS (CASTRO, INTERVENOR AND APPELLEE, AND MITJANS, CONTESTANT AND APPELLANT).

APPEAL from the District Court of San Juan, Section 2, in an Action to Recover a Debt and Cancel a Mortgage Record.

No. 1703.—Decided December 24, 1917.

ATTACHMENT—LIEN—RECORD OF ATTACHMENT.—Under section 71 of the Mortgage Law, a creditor who records his attachment obtains what is known to

the English and American law as a lien on the property of the debtor. This right clearly excludes all persons whose claims against the property take their origin as of a date later than the recording of the attachment.

ID.—RECORD OF ATTACHMENT—THIRD PERSONS—MORTGAGE.—The object of recording an attachment in the registry is to warn third persons that if they acquire thereafter any claim to the property it will be lost if the lienor obtain a judgment in his favor, and this principle applies to one who takes a mortgage after the attachment is recorded.

ID.—ID.—MORTGAGE—NOTICE.—A person who takes a mortgage after the recording of an attachment in the registry is in no sense such purchaser or owner of the property as is entitled to notice under the provisions of section 71 of the Mortgage Law.

The facts are stated in the opinion.

*Messrs. Abella Bastón* and *Andrés Mena* for the appellants.

*Messrs. José* and *Manuel Tous Soto* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The issue in this appeal is between the rights of an attachment creditor and a mortgagee whose mortgage was executed and recorded after the caveat or cautionary notice of the creditor was filed. The interpretation of section 71 of the Mortgage Law is involved. We transcribe it:

"Art. 71.—Real property or property rights against which cautionary notices have been entered may be alienated or encumbered, but without prejudice to the right of the person in whose name the cautionary notice was entered.

"If the real property or rights against which cautionary notices have been entered in accordance with the provisions of subdivisions 2 and 3 of article 42 should be awarded to a plaintiff under judgment rendered in an action brought by him, or if it should become necessary to advertise them for sale at auction, the person who may have acquired such property or rights during the litigation shall be notified of the award or advertisement.

"Such notice shall be served on motion of the plaintiff after the final judgment of award shall have been rendered or before the sale in the compulsory proceedings takes place, following the provisions of articles 260 to 269 of the Law of Civil Procedure in force in the Antilles and articles 244 to 253 of that in force in the Philippines.

"After service of the notice referred to in the foregoing para-

graph, the person notified may release the property in question upon payment of the amount mentioned in the entry, as principal and costs, although it is not to be understood that he is obliged to pay a larger sum for costs than that mentioned in the entry. Should he fail to do so within 10 days, the record of his ownership shall be canceled in the registry, as well as any other records which may have been made after entry of the cautionary notice, to which end the proper order shall be issued to the registrar of property on motion of the person to whom the property was awarded or of the purchaser thereof.

"If the conveyance made and recorded during the action relates to an estate the ownership of which had been claimed by an action of which a cautionary notice had been entered, in accordance with subdivision 1 of article 42 of this law, a certified copy of the final judgment in favor of the ownership of the plaintiff shall be a valid title for its cancellation by virtue thereof.

"Final judgments imposing the penalty of interdiction, or declaring the disability of a person to administer his property, or modifying his civil ability with reference to the free disposition of his property, shall be sufficient authority for the cancellation of records of conveyances made during the course of the proceedings by the person who has been declared incapacitated, provided a cautionary notice of the complaint upon which the order was based shall have been entered in accordance with the provisions of subdivision 5 of article 42."

Under this law a creditor filing the caveat obtains a right to a debtor's property known to the English and American law as a lien. This right clearly excludes all persons whose claims against the property take their origin as of a date later than the registry of the caveat. In *Dávila* v. *Registrar of Humacao,* 24 P. R. R. 663, cited by appellant, we said that the object of making an entry of a complaint is to warn other persons that if they acquire thereafter any claim to the property it will be lost if the person causing the entry obtains a judgment in his favor. That case supposed rival claims to property, but a similar principle applies to one who takes a mortgage after caveat filed.

Appellant draws our attention to the fact that the Mort-

gage Law requires a notice of sale of property to one who buys of a debtor. The principle of the law that one who is prior in time is prior in law being applicable, the creditor in this case had a preference. The subsequent mortgagee is in no sense a purchaser or owner of the property. He has a contract of loan secured by the land, but there is nothing in said section 71 that requires a notice to a subsequent mortgagee. When the mortgagee in this case accepted the mortgage he knew that the machinery of the law was already invoked against the debtor. The legislature may have wanted, as frequently is the case, to protect the person in possession, but whatever the legislative reason there was not the slightest intention shown to make it necessary for an attaching creditor to notify a subsequent mortgagee.

There was a sale of the property to satisfy the attachment and the purchaser was a certain Robledo who sold to Castro, appellee in this case. Appellant says that the bank that made the attachment is the only person who can ask the cancellation of the mortgage, but we think Robledo and then Castro necessarily acquired all the rights of the bank in this regard. And we also think that Castro acquired the property free of the mortgage and was entitled to a cancellation of an apparent encumbrance.

There were other averments of error which are not assigned as required by the rules of this court and otherwise need not be considered. Appellants should file a separate assignment of errors and not be content to discuss them in a narrative form in the brief.

The order appealed from must be

*Affirmed.*

Justices del Toro and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.